# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BREAYONNA AARON, individually and on behalf of RICHIE TERRELL AARON, JR., deceased, and on behalf of her minor children, </br></br> Plaintiffs, </br></br> v. </br></br> NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, and MARQUISE L. WEBB, </br></br> Defendants. | Case No. 22-cv-00189-SRB |

## ORDER

Before the Court is Plaintiff Breayonna Aaron, individually and on behalf of decedent, and on behalf of her minor children's ("Plaintiffs") proposed Bill of Costs. (Doc. #276.) As set forth below, the proposed Bill of Costs is GRANTED IN PART and DENIED IN PART.

### I. FACTUAL BACKGROUND

The Court's prior Orders and the parties' briefs have exhaustively discussed the facts of this case. This Order assumes familiarity with the facts and law applicable to all claims and defenses. Only those facts and issues necessary to resolve the proposed Bill of Costs are discussed herein. Additional relevant facts are set forth in Section III.

On January 31, 2024, a jury rendered a verdict against Defendant National Railroad Passenger Corporation ("Defendant" or "Amtrak") and in favor Plaintiff. The jury awarded Plaintiffs $8.8 million in compensatory damages and $150 million in punitive damages. The Court subsequently remitted the punitive damages award from $150,000,000 to $35,200,000.

Plaintiffs now move for their costs incurred in this case. Plaintiffs seek $49,298.37 for deposition costs, printing costs, witness fees, and other costs. Defendant argues that Plaintiffs

are not entitled to the full amount of costs requested. The parties' arguments are addressed below.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 54(d) provides that "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Under 28 U.S.C. § 1920, the following categories are taxable as a cost:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

If "an expense is taxable as a cost . . . there is a strong presumption that a prevailing party shall recover it in full measure." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). "The losing party bears the burden of making the showing that an award [would be] inequitable under the circumstances." *Id.* A district court enjoys "substantial discretion in awarding costs[.]" *S&H Farm Supply, Inc. v. Bad Boy, Inc.*, 25 F.4th 541, 554 (8th Cir. 2022).

### A. Costs Requested by Plaintiff

Plaintiff moves for several categories of costs under § 1920. Each requested cost is addressed below.

#### 1. Printed and Electronic Deposition Transcript Costs.

Section 1920(2) authorizes an award of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The Eighth Circuit

2

has recognized that § 1920(2) "permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case." *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015). "For example parties may capture depositions electronically in a large and complex patent case for use in trial while also retaining written transcripts for purposes of filing copies with the court." *Id.* at 466.

Here, Plaintiffs request $30,077.72 for printed and electronic deposition costs. Plaintiffs state that "[d]uring the course of this action, depositions were taken of on-scene witnesses, investigators, Amtrak witnesses, and both sides' expert witnesses. The depositions were videotaped [and] were necessarily incurred." (Doc. #306, pp. 2-4.) Defendant argues the amount requested should be reduced by $17,653.37.

Upon review, the Court finds that Plaintiffs are entitled to recover the requested costs, but with two exceptions. First, Plaintiffs request a total of $245.04 for the deposition of Kenyan York ("York"). Defendant argues this cost is not allowable because York was never deposed. The Court agrees and disallows the requested $245.04 for York's deposition.

Second, Plaintiffs request various $25.00 "handling fees" associated with depositions. Defendant objects to fifteen separate handling fees. The Court agrees and finds the requested $375.00 in handling fees are not recoverable. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889-890 (8th Cir. 2006) (holding that losing party should not be taxed "postage and delivery fees for depositions").

The remaining costs are allowable, and Defendants' other arguments to the contrary are rejected. This was a relatively complex case that turned, in large part, on the credibility of witnesses. The Court thus finds the transcripts were necessarily obtained. For the foregoing reasons, Plaintiffs are awarded $29,457.68 in costs for this first category.

### 2. Photocopying and Printing Costs.

Plaintiff seeks $14,909.19 in photocopying and printing costs under § 1920(4). 28 U.S.C. § 1920(4). "In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp.*, 309 F.3d at 498.

In this case, the Court would be acting arbitrarily if it were to award the costs requested. The Court agrees with Defendant that:

> Plaintiffs submitted invoices and declaration does little to explain the copying costs Plaintiffs claim to have incurred for over 25,000 copies of documents particularly where nearly all of the trial exhibits in this matter were presented digitally to the jury. It remains unclear what precisely was included in these costs and more importantly whether the copying costs were truly necessary "as evidence or prepared for use in presenting evidence" as required by 28 U.S.C. § 1920.

(Doc. #307, p. 7.) Consequently, Plaintiffs' request for photocopying and printing costs in the amount of $14,909.19 denied.

### 3. Witness Fees.

Witness fees are recoverable under § 1920(3). 28 U.S.C. § 1920(3). These fees are generally limited to an attendance fee of $40.00 per day, for mileage, and for a subsistence allowance. 28 U.S.C. § 1821. "A district court may award witness fees if it determines that the witness's testimony was crucial to the issues decided and the expenditures were necessary to the litigation." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006).

In general, "witness and subsistence expenses are not limited to the day the witness testifies but include those days in which the witness necessarily attends trial." *Linneman Constr. Inc. v. Montana-Dakota Util. Co., Inc.*, 504 F.2d 1365, 1372 (8th Cir. 1974); *see also Esler v. Safeway Stores, Inc.*, 77 F.R.D. 479, 482 (W.D. Mo. 1987) (citation and quotation marks

4

omitted.) "Witness fees may not ordinarily be taxed for someone who comes to the courthouse but does not testify" but may be taxed "when it appears that a court order or some extrinsic circumstance rendered the testimony unnecessary. *Stanley*, 784 F.3d at 467. For example, witness fees may be taxed "if the strategic decision of opposing counsel" made the testimony unnecessary. *Id.*

Here, Plaintiffs request a total of $960.00 in witness fees. In part, Plaintiffs request $320.00 in witness fees for Plaintiff Breayonna Aaron. This request is denied because a party is not entitled to witness fees. *See Gelda v. R.O.I. Enterprises, Inc.*, 581 F. Supp. 553, 555 (E.D. Mo. 1984) (citing 10 Wright, Miller and Kane, Federal Practice and Procedure Civil 2d, § 2678 at 376 (1983)). Plaintiffs also request witness fees for her experts—Hugh Mills and Peter Brokish—in the amount of $320.00. The requested cost for these experts is denied because they have already been or will be compensated. For these reasons, the Court reduces Plaintiff's requested witness fees from $960.00 to $320.00.

### 4. Remaining Costs.

The remaining costs requested by Plaintiffs, including for the filing fee, pro hac vice applications, and travel expenses are adequately supported and/or unopposed and awarded to Plaintiff.

### V. CONCLUSION

Accordingly, Plaintiff's proposed Bill of Costs (Doc. #276) is GRANTED IN PART and DENIED IN PART. The proposed Bill of Costs is GRANTED insofar as Plaintiff is awarded $33,120.14 in costs. The proposed Bill of Costs is DENIED in all other respects.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: August 20, 2024